Day, J.
The action in the lower court was in mandamus. The relator there, plaintiff in error here, was, and is, treasurer of Perry township, Logan county, Ohio, and the defendant Campbell, is county auditor of the same county. In. the application for mandamus, it is made to appear there are certain moneys, in a sum stated, in the possession of the treasurer of Logan county, which were levied and collected as taxes for school and other purposes, for the use and benefit of Perry township in said county,and payable to the relator as such treasurer, under the provisions of law, on the order and direction of the auditor; that it is the' duty of the auditor to order this money paid over to the said treasurer, to be appropriated to the use for which it was levied and collected; yet, the auditor refused, and still refuses to perform such duty, although he has been requested to do so. The prayer is for a peremptory writ of mandamus. An alternative writ issued, requiring the auditor to make the necessary order, to enable the relator to be put in possession of the said fund, or show cause why he should not.
In obedience to the command of the alternative writ the respondent made answer and set forth, in detail, the facts, which he claims furnish him a lawful excuse for omitting and refusing to order payment of the said moneys to the relator. In this answer it is conceded that relator is the treasurer of Perry township, and as such entitled to be put in possession of all money collected for, and payable, under *483 the law, to the use of said township; that it is the official duty of the auditor to order the payment of all such money to the relator; and the auditor pleads as a lawful excuse for his refusal to order the payment over of the money in question, which refusal is admitted, that the General Assembly of Ohio, on March 17, 1896, by a proper legislative enactment,duly passed into a law,detached certain portions of the territory comprising the said township of Perry, and certain portions of the territory of Bokescreek township, and created a new township, and named it Logan; and that the money in question, under the provisions of law, was required to be apportioned to, ordered paid, and paid over to the proper treasurer of such newly created township, all of which has been done. To this answer the relator interposed a general demurrer, which the record shows, the court of common pleas overruled, and the relator, not desiring to reply or further plead, a judgment was entered on the demurrer denying the relief prayed, dismissing the relator’s application, and requiring, him to pay the costs. This disposition of the matter not being satisfactory to the relator, he prosecutes error here, and seeks a reversal of the judgment of the lower court, and judgment of this court, granting a peremptory mandamus as prayed in the petition; and the single claim of error assigned and relied on, isas to the ruling and judgment of the court on the demurrer to the answer.
The sole question arising on the demurrer and presented by the record, is as to the validity of the act of March 17, 1896, creating the new township of Logan. If the act is valid, so that a new township was lawfully created, the judgment of the court below was' right. That fact would furnish a complete defense to the relator’s claim, exonerating and excusing the respondent from making the desired order. But, if the act is invalid, for any reason, so that, in law, a new township was not created, then the fact stated *484 in the answer constitutes no defense to plaintiff’s claim and furnishes no proper,lawful reason or excuse why the defendant should not make and issue the necessary order; and the issuance of such' document must be compelled by the mandatory order of this court.
Is the act of March 17, 1876, creating the new township, invalid? Its invalidity is urged upon a number of grounds, among others, that it is a special act conferring corporate power. Unquestionably the act is special and local, and very likely it confers corporate power, and is invalid for that reason; but the main contention is that it contravenes sec. 26, of article 2, of the constitution, which provides: “All laws of a general nature shall have a uniform operation throughout the state.’’
That the act in question is local and has no operation outside of Logan county, is conceded and, if it is also special or local in its nature, existing only in Logan county, its enactment was proper, and it became and is a valid law. It would be otherwise if the subject of the act is of a general nature. The legislature, under the general grant of power, may pass appropriate special or local laws, and give them only local application or operation; but under the restrictive provisions of section 26, article 2, of the constitution. This may not be done, if the subject of legislation is of a general nature.- Legislation on such general subject cannot be limited in its operation to a locality of the state, merely, but it must be made to apply and operate, with uniformity, in every locality throughout the entire state- — in every county of the state. On this proposition, Judge Burket, in Hixson v. Burson 54 Ohio St., 470, speaking of the entire court, says: “It is certainly safe to say now that every subject of legislation is either of a general nature on one hand, or local or special on the other. It cannot be in its nature both general and special, because the two are inconsistent. If it is of a general nature, the constitu *485 tion requires that all laws — not some laws — on that subject shall have a uniform operation throughout the state.” Confessedly the act under consideration only applies and operates in Logan county, and is invalid, if its subject is of a general nature. So the whole question in this case, then, hinges and turns on the one proposition, is the subject matter of the act of a general nature, or local, merely? And the problem the court has, is to determine that fact, and so determine the validity or invalidity of tha act in question.
There is such a radical difference in the legal meaning of the words employed in formulating the proposition: — ‘‘of a general nature:” — ‘‘of a special or local npture,” — that it ought not to be difficult to determine the character of any given subject-matter of legislation, whether of general or local nature; yet there seems to be some confusion on the subject, either, among the lawyers or the courts, or both, for the courts are being called upon, constantly, to decide questions arising in reference to the matter; and it is even suggested in argument, that the court of last resort, in its givings out on the subject, has befogged it, and has been, in some measure, chaotic and inconsistent. The criticism, although probably submitted and intended in a jocular sense, is to an extent illnatured, and, we think, not deserved. From a careful reading of all the reported cases on the subject, decided by the fiupreme Court, no confusion or inconsistency has been noticed, but a very clear and consistent statement of a plain rule, by the application of which the problem is readily solved. In Hixson v. Burson, supra. Judge Burket uses this language:
‘‘But how are we to determine whether a given subject is of a general nature? One way is this: If the subject does or may exist in, or affect the people of every county in the state, it is of a general nature. On the contrary, if the subject cannot exist in, or affect the people of every *486 county, it is local or special. — A subject matter of such general nature can^e regulated and legislated upon by general laws having a uniform operation throughout the state, and*na subject matter which cannot exist in, or affect the people of every county, cannot be regulated by general laws having a uniform operation throughout the state, because a ; law cannot operate where there can be no subject matter tobe operated upon.”
Applying the rule, thus plainly stated by Judge Burket, to the case under consideration, and the logical outcome, it seems to the court, cannot be made the subject matter of dispute or doubt. It is true the act of March 17, 1896, only assumes to deal with subject matters in Logan county, and in that respect is special or local; but the act, if valid legislation, has the effect to divide and detach portions of two existing civil townships, and to create, out of the detached territory, a new civil township. The subject of the legislation, therefore, is the division of existing, organized, civil townships, and the creation of other, new civil townships. Generally stated, the subject of the act, in question is a evil township.
Now, there are civil townships in every county in Ohio, and the people of every county in the state have a large interest in them; so that any thing that has reference to or affects such townships, affects the people of every county in the state. Again: The subject of townships — of dividing or creating a township — -is capable of being regulated and legislated upon by general laws, having a uniform operation throughout the state; as is conclusively evidenced by the fact that the General Assembly, very soon after 1851, when the present constitution went into effect, passed a general law on the subject, regulating it, and providing when and how, townships may be divided and new ones organized, which law still appeaxs upon the statute book,and remains in full force, substantially as enacted, and no attempt, to our *487 knowledge, was made, until the year of grace 1896, to pass a local or special act on the subject.
Wm. W. and^John E. West, for plaintiff in error.
• J. A. Odor, S. J. Southard and S. H. West, for defendant in error.
As has been stated, and as is common knowledge, every county in the state has a few townships within its limits, all of which are liable to division and to be erected into new ones, so that the subject of townships — creating a township and dividing a township — is so universal and all pervading — of such a general nature — that it may, with propriety, be said to exist and affect the people in every county in the state, and can be, as it has been for more than forty years, regulated and legislated upon by general laws, having a uniform operation throughout the state.
This,it seems to a majority of the court,amply and clearly fills the measure of a subject matter of a general nature, as defined by the Supreme Court, that can only be enacted into a law by giving the law a uniform operation - throughout the state. ' This is not done, or attempted in the act under consideration, and it follows that the legislation of March 17, 1896, creating a township in Logan county, called Logan township,is in conflict with the provisions of section 26, of article 2, of the constitution, and is invalid. If the conclusion reached is correct, then the lower court was in error in overruling the demurrer to the answer, and in-rendering judgment dismissing the petition; and the judgment is reserved with costs. This court rendering the judgment the common pleas should have rendered, sustains-the demurrer to the answer, and allows and orders that a peremptory writ of mandamus issue as prayed for by the-relator. Respondent must pay the costs,
Norris J., concurs.
Price J., dissents.
*488 (This judgment was affirmed by the Supreme Court June, 1897, case of Campbell v. Hamilton, by an evenly divided court.)